977 F.2d 580
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
David Lynn CRAYTON, Petitioner-Appellant,
v.
Loyd FLETCHER, Warden, Respondent-Appellee.
 No. 92-5525.
 United States Court of Appeals, Sixth Circuit.
 Oct. 19, 1992.
 
 Before MERRITT, Chief Judge, and ALAN E. NORRIS and BATCHELDER, Circuit Judges.
 
 ORDER
 
 1
 David Lynn Crayton requests the appointment of counsel in his brief on appeal from the dismissal of his petition for a writ of habeas corpus filed under 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Following a jury trial in the McCrackin County, Kentucky, Circuit Court in February 1989, Crayton was convicted of cultivating marijuana. He was sentenced to three years imprisonment and was fined $5,000. Crayton's conviction was affirmed by the Kentucky Court of Appeals on direct appeal and the Supreme Court of Kentucky denied discretionary review.
 
 
 3
 Next, Crayton filed his petition in the district court asserting four grounds for habeas relief. Subsequently, Crayton was granted leave to amend his petition to assert the only ground for relief he presented to the state courts: that his conviction is not supported by constitutionally sufficient evidence. The state responded and moved to dismiss the petition or for summary judgment. The magistrate judge recommended that the petition be dismissed, and Crayton filed objections. The district court accepted the magistrate judge's report and dismissed the petition.
 
 
 4
 Upon consideration, we conclude that the petition was properly dismissed. Generally, due process requires only evidence which a rational trier of fact could accept as establishing each element of a crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 313-24 (1979). Circumstantial evidence may be constitutionally adequate to support a conviction and need not remove every hypothesis of innocence. United States v. Vannerson, 786 F.2d 221, 225 (6th Cir.), cert. denied, 476 U.S. 1123 (1986). Moreover, the evidence must be viewed in the light most favorable to the prosecution. Brown v. Davis, 752 F.2d 1142, 1147 (6th Cir.1985). Viewing the transcript of Crayton's trial in this light, the evidence produced is constitutionally adequate.
 
 
 5
 Finally, we note that Crayton's claim that an invalid search warrant led to the discovery of the marijuana is not properly before this court. This claim was deliberately omitted from Crayton's amended petition in order to avoid state court exhaustion problems. The claim will not be addressed on the merits on appeal. Cf. Chandler v. Jones, 813 F.2d 773, 777 (6th Cir.1987).
 
 
 6
 Accordingly, the request for the appointment of counsel is denied and the judgment of the district court is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.